Jason E. Ochs (WBN: 7-4965)
**OCHS LAW FIRM, P.C.**
690 U.S. 89, Suite 204
Jackson, Wyoming 83001
Telephone: (307) 739-3959
Facsimile: (307) 235-6910

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 MAY -3  AM 9: 41

STEPHAN HARRIS, CLERK
CASPER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT A. ZIEGLER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD P. DALE, JR.; SENIOR HEALTHCARE PARTNERS, LLC; BUFFETT SENIOR HEALTHCARE CORP.; RJR INSURANCE SERVICES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 18-CV-71-SWS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INDIVIDUAL AND CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.     This case arises from widespread fraudulent business practices that Defendants carried out on some of society's most vulnerable members across the country.

2.     Specifically targeting elderly individuals and couples, Defendants sent agents to their homes promising comprehensive Medicare supplement programs that included lifetime MASA air ambulance benefits for the purchasers and their designated beneficiaries. Swayed by the MASA benefits, elderly individuals and couples purchased one-time payment plans from Defendants, only to later realize that they had been duped. In reality, none of these plans included



1

*any* MASA benefits. Thus, elderly individuals and couples across the country are left having made large one-time payments on the promise of receiving benefits that Defendants knew they would never receive.

3.     To hold Defendants accountable for their misconduct, Plaintiff seeks to represent a nationwide class of individuals that purchased these fraudulent policies.

## II. PARTIES

4.     Robert A. Ziegler is a citizen and resident of the State of Wyoming and purchased a "MySHP" Medicare supplement policy with Defendants' promise that it included lifetime benefits for MASA air ambulance transportation for himself and his spouse, plus a beneficiary to inherit the benefits.

5.     Defendant Richard P. Dale, Jr., is a citizen and resident of the State of Texas and does business as Buffett Senior Healthcare Corp.; RJR Insurance Services, Inc.; and Senior Healthcare Partners, LLC, with his principal place of business in Dallas, Texas.

6.     Defendant Buffett Senior Healthcare Corp. ("BSH") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Dallas, Texas. Dale is the owner of BSH.

7.     Defendant RJR Insurance Services, Inc. ("RJR") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas. Dale is the owner of RJR.

8.     Defendant Senior Healthcare Partners, LLC ("SHP") is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas. Dale is the owner of SHP.

## III. JURISDICTION AND VENUE

9.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is minimal diversity between Plaintiffs and Class Members and the Defendants, and the amount in controversy exceeds $5,000,000.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's and Class Members' claims occurred in this District.

## IV. STATEMENT OF FACTS

11.     Defendants hire agents to solicit and sell Medicare supplement plans on behalf of certain insurance carriers to individuals across the United States.

12.     Defendants also offer a Medicare supplement program called My Senior Healthcare Partners ("MySHP"). Defendants advertise MySHP as including comprehensive prescription drug, dental, and even pet medication benefits. Defendants also claim that MySHP plans include Medical Air Services Association ("MASA") benefits.

13.     MASA provides various types of air ambulance transportation to beneficiaries who need, e.g., emergency care for serious injuries or specialized care not locally available.[1] On its website, MASA offers lifetime benefit plans for a single person for a one-time payment of $3,390.[2] The price increases to $4,490 if an applicant adds their spouse.[3] MASA lifetime benefits do not pass to policyholders' heirs by inheritance.

14.     MASA coverage can be particularly cost effective where needed, as air ambulance transportation can cost upwards of $50,000 and is rarely covered by health insurance or Medicare. It is likewise attractive to individuals who live in remote locations.

---

[1] MASA Assist, Benefits, *available at* https://www.masaassist.com/benefits (last visited April 13, 2018).
[2] MASA Assist, MASA Lifetime Membership Application, *available at* https://www.masaassist.com/mts/lifetime (last visited April 13, 2018).
[3] Id.

15.    Taking advantage of the MASA plans' appeal, Defendants devised a scheme to dupe individuals across the country into buying MySHP policies by offering non-existent MASA coverage.

16.    Specifically targeting elderly individuals—some of society's most vulnerable members—Defendants sent agents to homes and offered Medicare supplements with MASA plans. Specifically, Defendants offered MySHP plans that included MASA benefits (a) for life, (b) plus an additional heir to inherit the benefits for their own lifetime, (c) in addition to all other SHP benefits[4], and (d) for a total cost of for $1,299 for one person or $1,599 for two.

17.    Through standard uniform contracts, Defendants directed their victims to check one of four boxes selecting their lifetime coverage:

(1)    "One Payment of $1299.00 for all MySHP benefits including MASA benefits, for life, for one person plus beneficiary";

(2)    "12 Monthly Bank Payments of $99.00 includes all benefits **excluding** MASA, for life, for one person plus beneficiary";

(3)    "One Payment of $1599.00 includes all MySHP benefits including MASA benefits, for life, for two people plus beneficiary"; or

(4)    "12 Monthly Bank Payments of $129.00 includes all benefits **excluding** MASA, for life, for two people plus beneficiary[.]"

(*See* SHP Standard Contract, attached hereto as Exhibit "A") (emphasis in original). The bottom of the contract included a space for Defendants' victims to identify their beneficiary heirs and specifically asked "Who will receive your inheritance?" (*See id.*). The contract further promises,

> Membership dues never increase, benefit(s) never decrease! Once joined, your dues are locked in for as long as your membership remains in force. All future enhancements to your particular benefit (or benefits) will be available without additional dues!

---

[4] These include various prescription drug, pet medication, dental, chiropractic, eyewear, home delivery hearing aid and service, vitamin and nutritional supplement, and meals on wheels benefits. (*See* SHP Standard Contract, Exhibit "A").

(*See id.*) (emphasis in original).

18.      Such was the case for Plaintiff. In the spring of 2017, Plaintiff met with a BSH agent to discuss MySHP plans and their MASA benefits. Plaintiff received the standard, uniform contract attached and discussed above, and on March 23, 2017 selected and paid for a one-time $1,599 plan for himself, his wife, and his granddaughter as beneficiary.

19.      Having never received any card for the MySHP policy for several months, Plaintiff reached out to the agent, who then investigated the matter. After additional months passed—still without receiving any card from any Defendant—the agent told Plaintiff that they had all been fooled, as the MySHP policies had no MASA benefits whatsoever.

20.      Having still received no card from any Defendant, Plaintiff has not made use of any purported MySHP benefits. Moreover, Plaintiff and his spouse have been forced to purchase another air ambulance policy.

21.      To this day, Defendants still advertise the same policies on the MySHP website and also state, "NOTE: 1299 and 1599 [plans] can be passed down as an inheritance to the ones you care about most."[5]

22.      In reality, MySHP plans did *not* include *any* MASA benefits, much less capable of inheritance.

23.      Despite not providing any MASA benefits, Defendants exploited elderly individuals' vulnerable positions and lured them into making one-time ·payments based on Defendants' misrepresentation to the contrary.

---

[5]  My   Senior   Healthcare   Partners,   *1299,   1599,   and   Monthly   Plans,   available   at* http://myseniorhealthcarepartners.us/myshp-12991599/# (last visited April 19, 2018).

24.     After agreeing to purchase SHP policies "including MASA benefits" and paying either $1,299 or $1,599 in exchange, Plaintiff and Class Members bought "lifetime" MySHP policies with large, one-time payments and are left without the benefit of their bargain.

## V. CLASS ALLEGATIONS

25.     Plaintiff Robert Ziegler, individually, and for the Class defined herein, incorporates by reference all preceding paragraphs as though fully set forth herein.

26.     Plaintiff brings this case individually, and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of purchasers nationwide of one-time payment, lifetime MySHP policies with MASA benefits.

27.     Plaintiff seeks to represent the following Class:

**Nationwide MySHP Purchaser Class**
All persons in the United States who purchased one-time payment MySHP policies with MASA benefits, for life, plus a beneficiary.

28.     Excluded from the Class are the following:

a.      Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

b.      individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

c.      current or former employees of any Defendant;

d.      individuals, if any, who have previously settled or compromised claim(s); and

e.      any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

29.     Plaintiff Robert A. Ziegler seeks to recover injunctive relief and damages on a Class-wide basis for himself and the Nationwide MySHP Purchaser Class.

30.     Plaintiff may properly maintain this action as a class action for the following reasons.

31.     **Numerosity**:  Members of the Class are so numerous that individual joinder is impracticable. The proposed Class contains hundreds if not thousands of members. The Class is therefore sufficiently numerous to make joinder impracticable, if not impossible.

32.     **Common Questions of Fact and Law Exist**: Common questions of fact and law exist as to all Class Members, including: whether the one-time payment, lifetime MySHP policies with MASA benefits actually included MASA benefits; whether the failure to provide lifetime MASA benefits as stated on the contract is a breach; and/or whether the failure to provide lifetime MASA benefits as stated on the contract is a fraudulent misrepresentation.

33.     **Typicality**:     Plaintiff's claims are typical of the claims of Class Members. The injuries sustained by Plaintiff and the Class flow, in each instance, from a common nucleus of operative facts based on Defendants' uniform misconduct as set forth above. The defenses, if any, that will be asserted against Plaintiff's claims will be similar to the defenses that will be asserted, if any, against the claims of Class Members.

34.     **Adequacy**:     Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes—all seek redress for the same unlawful conduct by Defendants. Plaintiff's retained Counsel are competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and his Counsel. Plaintiff's claims, like those of the Class, are antagonistic to Defendants.

35.     **Predominance**: Common questions of fact and law predominate over any questions affecting individual Class Members.

7

36.    **Superiority**:  A class action is superior to other available means of fair and efficient adjudication. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' misconduct. Moreover, individual joinder of all Class Members is impracticable, if not impossible, because many Class Members are located throughout the United States. It would be virtually impossible for all Class Members to effectively redress these wrongs on an individual basis. Therefore, a class action is the only reasonable means by which Plaintiffs and the Class may pursue their claims.  Moreover, even if the Class Members could afford such individual litigation, the court system could not. Individualized litigation of complex legal and factual issues of this case increases the delay and expense to all parties, and to the court system. By contrast, a class action alleviates management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Fraud**

37.    Plaintiff, individually and for the Nationwide MySHP Purchaser Class, re-alleges and incorporates by reference all the allegations contained in paragraphs above as if fully set forth herein.

38.    Defendants sent agents to Plaintiff and Class Members' homes across the country with standard contracts stating that Plaintiff and Class Members would, in exchange for either $1299.00 or $1599.00, receive "MASA benefits, for life, . . . plus a beneficiary."

39.    Defendants' representations were false, and Defendants knew they were false.

8

40. Defendants made these misrepresentations intentionally and intended that Plaintiffs and Class Members rely on the misrepresentations.

41. Plaintiffs and Class Members reasonably and justifiably relied to their detriment on Defendants' misrepresentations.

42. Plaintiffs and Class Members' reliance on Defendants' representations were a substantial factor in causing their harm.

43. As a proximate result of Defendants' misrepresentations, Plaintiffs and Class Members were damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Breach of Contract

44. Plaintiff, individually and for the Nationwide MySHP Purchaser Class, re-alleges and incorporates by reference all the allegations contained in paragraphs above as if fully set forth herein.

45. Contracts exist between Plaintiff, Class Members, and Defendants. Plaintiff and Class Members entered into agreements with Defendants for lifetime MySHP benefits plus MASA benefits for either one or two persons, plus a beneficiary to inherit the benefits, for which Plaintiff and Class Members paid either $1299.00 or $1599.00, respectively.

46. Under the terms of Plaintiff's and Class Members' contracts, they were entitled to receive the benefits that they paid for.

47. Plaintiff and Class Members performed all, or substantially all, of their duties required under their agreements with Defendants, including the payment amount for the benefits.

48. Defendants breached the terms of their standardized contracts by failing to provide the MASA benefits for which Plaintiff and Class Members paid.

9

49.    As a result of Defendants' breach of their contracts, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

50.    Plaintiff, individually and for the Nationwide MySHP Purchaser Class, re-alleges and incorporates by reference all the allegations contained in paragraphs above as if fully set forth herein.

51.    The law implies a covenant of good faith and fair dealing in every contract.

52.    Defendants violated this covenant of good faith and fair dealing in their contracts with Plaintiff and Class Members by, *inter alia*, misrepresenting to Plaintiffs and Class Members that MySHP plans included MASA benefits, for life, plus a beneficiary in exchange for $1299.00 or $1599.00.

53.    Plaintiff and Class Members performed all, or substantially all, of their duties required under their agreements with Defendants, including the payment amount for the benefits.

54.    Defendants did not provide the promised benefits under the contracts.

55.    Plaintiff and Class Members have been damaged by Defendants' breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Unjust Enrichment

56.    Plaintiff, individually and for the Nationwide MySHP Purchaser Class, re-alleges and incorporates by reference all the allegations contained in paragraphs above as if fully set forth herein.

57.    Plaintiff and Class Members have conferred a benefit upon Defendants, and Defendants have received and retained money from affiliates, all of which belong to Plaintiffs and Class Members as a result of Defendants' misconduct as described above.

58.    Defendants appreciate or have knowledge of the benefit.

59.    Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and Class Members that it unjustly received as a result of Defendants' misconduct.

60.    As a direct and proximate result of Defendants' misconduct, Plaintiff and Class Members have suffered damage and are entitled to monetary damages in an amount to be determined at trial.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of the Class identified herein, seeks the following relief:

A.    An order certifying a Nationwide MySHP Purchaser Class and appointing Plaintiff Robert A. Ziegler and his counsel to represent the Class;

B.    An order awarding Plaintiff and Class Members all lawful damages, including compensatory, consequential, and punitive, as to the appropriate causes of action;

C.    An order awarding Plaintiff and Class Members pre-judgment and post-judgment interest, as well as reasonable attorneys' fees and expert witness fees and other costs as may be applicable; and

D.    An order awarding such other and further relief as this Court may deem just and proper.

### VIII. JURY DEMAND

Plaintiff demands a trial of all claims by a jury.

Jason E. Ochs (WBN: 7-4965)
**OCHS LAW FIRM, P.C.**
690 U.S. 89, Suite 206

11

Jackson, Wyoming 83001
Telephone: (307) 739-3959
Facsimile: (307) 235-6910

*/s Ryan Lutz*
Hirlye R. "Ryan" Lutz, III (to apply *Pro Hac Vice*)
F. Jerome Tapley (to apply *Pro Hac Vice*)
Adam W. Pittman (to apply *Pro Hac Vice*)
Brett C. Thompson (to apply *Pro Hac Vice*)
**CORY WATSON, P.C.**
2131 Magnolia Avenue South
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile:  (205) 324-7896

# Exhibit A

Senior Healthcare

# Partners®



1341 W Mockingbird Lane, Suite 600W, Dallas, TX 75247
Customer Service (800) 933-7231
MySeniorHealthcarePartners.us/contact-us

| Member 1 Name: | Member 2 Name: (Lifetime Only) | Member 1 Date of Birth: | Member 2 Date of Birth: |
|---|---|---|---|
| Robert A Ziegler | Amy L Ziegler | | |
| Member 1 Social Security #: | Member 2 Social Security #: | Member 1 Gender: *MALE* | Member 2 Gender: *FE-MALE* |
| Mailing Address: | City: | Member(s) Email Address(es): | |
| State and Zip Code: | | Home Phone: | |

## Choose Your Benefits (check all that apply):

- [ ] **MY** Universal Prescription Drug Benefits ($10.00 per month)
- [ ] **MY** Specialized Prescription Drug Benefits ($30.00 per month)
- [ ] **MY** Insulin Dependent RX & Diabetic Prescription Drug Plan ($30.00 per month)
- [ ] **MY** Low T. ($10.00 per month for all four benefits)
  **MY** E.D. Prescription Drug Plan
  **MY** Female E.D. Prescription Drug Plan
  **MY** #1 Dating Community for Seniors
- [ ] **MY** Pet Medication Plan ($10.00 per month)
- [x] **MY** SHP Dental & Dentures Benefit ($30.00 per month)

- [ ] **MY** Chiropractic & Alternative Medicine ($10.00 per month)
- [ ] **MY** Medical Air Assist (MASA) ($30.00 per month)
- [ ] **MY** E-Cigs Plan Benefits ($10.00 per month)
- [ ] **MY** Eyewear Benefit ($10.00 per month)
- [ ] **MY** Home Delivery Hearing Aid and Hearing Aid Service Plan ($10.00 per month)
- [ ] **MY** Vitamin and Nutritional Supplements Plan ($10.00 per month)
- [ ] **MY** Meals on Wheels ($10.00 per month)

## Choose Your Payment Mode (5 Payment Options: Monthly, $1299/$1599 Paid-Up, or 12-Month Paid-Up)

- [ ] Total Monthly Payments $_____ (reoccurring automatic monthly bank payment or optional annual payment)
- [ ] One Payment of $1299.00 for all MySHP benefits including MASA benefits, for life, for one person plus beneficiary*
- [ ] 12 Monthly Bank Payments of $99.00 includes all benefits excluding MASA, for life, for one person plus beneficiary*
- [x] One Payment of $1599.00 includes all MySHP benefits including MASA benefits, for life, for two people plus beneficiary*
- [ ] 12 Monthly Bank Payments of $129.00 includes all benefits excluding MASA, for life, for two people plus beneficiary*

## Lifetime Member Beneficiary – Who Will Receive Your Inheritance?*

**\*Name** _____    **\*Phone #** _____ - _____

**\*Address** _____    **\*Email Address:** _____

\*Required Beneficiary Information, ONLY applicable to Lifetime Members ($1299/$1599 & 12-months paid-up members)

*Since Senior Healthcare Partners' is NOT insurance, there are no forms to file and no waiting periods. My Senior Healthcare Partners is not sponsored by or endorsed by Medicare or any company. It is not necessary to apply for any insurance product as a prerequisite for My Senior Healthcare Partners' plan membership. A particular plan benefit may become unavailable in the future due to circumstances beyond the control of Senior Healthcare Partners'. Copyright © SHP 2017*

Membership dues never increase, benefit(s) never decrease! Once joined, your dues are locked in for as long as your membership remains in force. All future enhancements to your particular benefit (or benefits) will be available without additional dues!